MOSES W. HAWKINS & LEANDER M. HAWKINS, Copartners, *vs.* PATRICK McNEAL.

In *assumpsit* in a district court the plaintiff declared for the sum of $152.29 " on Book Account according to the account annexed," also on the common counts. After appeal to the Court of Common Pleas the plaintiff was allowed to amend by inserting the words " balance due" before " on book account." The count filed contained items of debit and credit amounting to some thousands of dollars.

*Held,* that the Court of Common Pleas committed no error in allowing the amendment.

*Query,* whether the amendment was needed, and whether the original count was not within Pub. Laws R. I. cap. 597, § 30, of May 27, 1886.

The jurisdiction of District Courts is conferred by Pub. Laws R. I. cap. 597, § 23, of May 27, 1886. Section 30 of this chapter is for the benefit of defendants, and may be waived by them.

EXCEPTIONS to the Court of Common Pleas.

*January* 4, 1889. PER CURIAM. This action was begun in the District Court of the tenth judicial district, and was taken by appeal to the Court of Common Pleas. It is *assumpsit*, and alleges that the defendant " on the 26th day of October, A. D. 1886, being indebted to the plaintiff in the sum of one hundred and fifty two dollars and twenty nine cents on Book Account, according to the account hereunto annexed, in consideration thereof, then and there promised to pay to them the same sum on request. The account annexed was an account showing charges to the amount of $4,436.51 and credits to the amount of $4,307.49, leaving a balance due of $129.02. The writ also contains the common counts. At the trial, after the plaintiff had adduced evidence in support of his claims and rested, the defendant moved for a nonsuit because the count under which the plaintiff claimed alleged an indebtment of $152.29 on book account, and not of $152.29 " balance due" on book account. The plaintiff moved to amend by inserting " balance due " before " on book account." The court allowed the amendment, and the defendant excepted.

The ground of the exception is that without the word " balance due," inserted as above, the District Court had no jurisdiction, and if the District Court had no jurisdiction, the Court of Common Pleas had none, and could acquire none by allowing the amendment, reference being to Pub. Laws R. I. cap. 597, § 30, of May 27, 1886. The section provides that in all actions in district

courts on book account, for goods, wares, or merchandise sold, or for work or labor done, " where the whole amount is more than three hundred dollars, and the balance stated by the plaintiff does not exceed that sum, he may bring his action for such balance, and may declare specially thereon, and shall on the entry of the writ, or afterwards on motion, file his account of debit and credit in said action." It is not clear that the writ as originally drawn did not meet the requirement of this section, since it declared for the balance claimed by the plaintiff, not in the common counts, but in a special count on book account, *according to the account annexed.* But assuming that this is not sufficient, and that the section requires, not simply that the writ shall declare for the balance in said account, but for it expressly as a balance, we think the District Court, nevertheless, had jurisdiction, and that it was competent for it, and on appeal for the Court of Common Pleas, to amend the writ by inserting the necessary words. Jurisdiction is conferred on the district courts, not by § 30, but by § 23,[1] of cap. 597. The former section is intended, for the benefit of the defendant, to make the record show exactly what is sued for, and, in case of recovery by the plaintiff, for what the judgment is given. A defendant may, if he sees fit, waive the omission of the words and allow judgment to go against him without them, which he could not do with effect if the words were necessary to the jurisdiction. *Exceptions overruled.*

*Thomas W. Robinson,* for plaintiff.

*Joseph Osfield, Jun.,* for defendant.

---

[1] As follows :

" SECT. 23. Every district court shall have original and exclusive jurisdiction of all civil actions legally brought before it wherein the debt or damages demanded do not exceed one hundred dollars, and, concurrent with courts of common pleas, shall have jurisdiction of all civil actions legally brought before it, wherein the debt or damages demanded do not exceed three hundred dollars, and concurrent with special courts of common pleas shall have jurisdiction over all actions brought within its district for possession of tenements or estates, provided, however, that nothing in this section contained shall be construed to enlarge the jurisdiction of special courts of common pleas."